IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID J. ORR,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DR. GHADERI'S MOTION FOR THE RELEASE OF FORFEITED FUNDS<br><br><br><br>Case No. 2:03-CR-265 TS |

This matter is before the Court on Dr. Saeed Ghaderi's Motion for the Release of Forfeited Funds. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant, along with several others, was indicted on April 9, 2003. The Indictment charged Defendant with one count of conspiracy to commit mail fraud, wire fraud, and conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The Indictment alleged that Defendant was involved in a fraudulent trust scheme designed to evade federal income taxes. On April 5, 2004, Defendant pleaded guilty to Count I of the Indictment. As part of his plea agreement, Defendant acknowledge that he may be subject to an order to pay restitution to the victims of the conspiracy.

1

On June 2, 2008, the Court entered a Restitution Order which, among other things, found that Defendant owed restitution in the amount of $5,285,355.21. Dr. Ghaderi is one of the victims of Defendant Orr's conspiracy. In fact, the largest portion of that restitution amount—$3,381,386—resulted from losses sustained by Dr. Ghaderi because of Defendant Orr's fraud.

In his Motion, Dr. Ghaderi seeks the release of funds currently being held by the Court. These are funds which were obtained by the United States Attorney's Office from a bank account at EuroBank in the Cayman Islands. Dr. Ghaderi claims that he is entitled to these funds as a result of a settlement between himself and Defendant Orr. The government opposes the Motion arguing that these funds should be distributed to all of the victims of Defendant Orr's fraud on a pro-rata basis.

## II.  DISCUSSION

The Court agrees with the reasoning set forth by the government in its Opposition to Dr. Ghaderi's Motion. While the Court certainly sympathizes with Dr. Ghaderi, the Court cannot release the EuroBank funds solely to him. Doing so would elevate Dr. Ghaderi's restitution claim above the claims of all the other victims in this case. This is not a situation where Dr. Ghaderi's funds are easily traceable to the EuroBank account.[1] Rather, there is evidence that Defendant Orr commingled the funds of numerous victims in that account.[2]

---

[1] *United States v. Durham*, 86 F.3d 70, 73 (5th Cir. 1996) ("When tracing is impossible, a claimant has merely a personal claim against the wrongdoer and the funds are distributed ratably.").

[2] Docket No. 240, Ex. B.  *See also* Docket No. 62, at ¶ 12(n) ("In furtherance of the conspiracy, I admit I caused client assets to be commingled and misappropriated.").

The Court finds that the better approach, the approach suggested by the government, is to distribute these funds on a pro-rata basis to all the victims identified in the Restitution Order. Therefore, the Court will deny Dr. Ghaderi's Motion.

### III. CONCLUSION

It is therefore

ORDERED that Dr. Saeed Ghaderi's Motion for the Release of Forfeited Funds (Docket No. 234) is DENIED.

DATED   October 9, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge